IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES of AMERICA,**

    **Plaintiff,**

    v.                                              Case No.  97-20067 JWL

**EDILBERTO GARCIA,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

Defendant is incarcerated in Bastrop, Texas, serving two sentences that run concurrently.  On September 14, 1999, defendant was sentenced in the United Stated District Court for the Middle District of Florida, to a term of imprisonment of forty-six months for the offenses of conspiracy to possess and possession with the intent to distribute methamphetamine.  Defendant was then sentenced to one-hundred-sixty-eight months for conspiracy to possess with the intent to distribute methamphetamine on May 8, 2000 in this court.  Because defendant was serving time for a conviction before May 8, 2000, the Federal Bureau of Prisons ("BOP") has calculated that the total amount of time defendant will serve is greater than one-hundred-sixty-eight months.  Defendant believes that he should not be incarcerated for more than one-hundred-sixty-eight months, and this matter is currently before the court on defendant's letter requesting clarification of his sentence which the court will treat as a motion for clarification of defendant's sentence (Doc. # 457).

The court denies defendant's motion because the proper avenue to challenge the computation of sentence length is through a habeas petition pursuant to 28 U.S.C. § 2241, which must be brought in the district where the prisoner is incarcerated, and because defendant failed to exhaust his administrative remedies before challenging the computation of his sentence length.[1]

**Habeas Petition**

Defendant does not attack the validity of his conviction, but instead, argues that the BOP has incorrectly calculated his sentence. The proper method for a federal prisoner to challenge the execution of a sentence is a habeas petition under 28 U.S.C. § 2241, which must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir.1986). This court does not have authority to review the calculation of defendant's sentence because defendant is incarcerated in Texas, not Kansas, and because defendant has filed a motion for clarification of his sentence instead of filing a habeas petition.

---

[1] The court also denies defendant's request to supplement his reply to the government's response because any further proceedings in this matter must take place in the district where defendant is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

**Exhaustion of Administrative Remedies**

Even if defendant had filed a habeas petition in the correct district court, defendant's request for review of the calculation of his sentence would not be ripe because defendant failed to exhaust his administrative remedies before asking the court to intervene. The BOP has established an administrative procedure through which an inmate may seek review of complaints relating to any aspect of his imprisonment. 28 C.F.R. § 542.10 (2004). One aspect of imprisonment is the amount of time to be served, and computation of the service of a sentence is an administrative responsibility conferred upon the attorney general acting through the BOP. 18 U.S.C. § 3568. Because of the statutory delegation of responsibility, and because "the agency is in a superior position to investigate the facts, judicial intervention is usually deferred until administrative remedies have been exhausted". *Williams v. O'Brien*, 792 F.3d 986, 987 (10th Cir. 1986) (citation omitted); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The BOP maintains a four-step procedure for processing inmate grievances. *See Yousef v. Reno*, 254 F.3d 1214, 1220 (10th Cir. 2001). The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director at the regional office. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the office of general counsel in Washington, D.C., the central office. 28 C.F.R. § 542.15. Each

3

stage of the process has its own time limits and procedural instructions, and inmates are required to adhere to them. *McGee v. Federal Bureau of Prisons*, 2004 WL 2931365 at *3 (10th Cir. Dec. 20, 2004).

Here, defendant attempted to informally resolve his dispute, submitting an attempt at informal resolution form to D. Miranda, the Inmate Systems Manager on October 14, 2004, where defendant argued his sentence had been improperly calculated. On October 20, 2004, D. Miranda replied, stating that defendant's sentence was properly calculated per 18 U.S.C. § 3585(a). Defendant appealed this decision to the warden on November 1, 2004, and the warden replied on November 17, 2004, denying defendant's request to recalculate his sentence. As defendant was dissatisfied with the warden's response, he appealed the warden's decision to the regional office on November 30, 2004. On January 5, 2005, the regional office found that defendant's sentence was properly calculated and denied defendant's appeal. Defendant then sent his letter to the court (Doc. # 457), challenging the BOP's calculation of his sentence.[2]

In the current case, defendant failed to exhaust his administrative remedies before seeking judicial intervention because he had not appealed the decision of the regional office to the central office nor received a response from the central office when he asked for judicial intervention. *See Sandoval v. Booker*, 141 F.3d 1185, 1998 WL 109843 at *1 (10th Cir. Mar. 12, 1998) (holding that dismissal without prejudice is proper when petitioner began but did not

---

[2] After asking the court to intervene, defendant appealed the regional office's decision to the central office on January 31, 2005.

complete the administrative grievance process before filing a petition for a writ of habeas corpus); *see also Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."). Because the defendant failed to exhaust his administrative remedies, judicial intervention is improper. *See Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir. 1986); *cf. United States v. Jenkins,* 38 F.3d 1143, 1144 (10th Cir. 1994) (vacating district court's award of sentence credit and refusing to reach merits of appeal because petitioner had not exhausted administrative remedies before seeking judicial review).

**Conclusion**

The court denies defendant's motion to clarify his sentence because the proper method to challenge the BOP's calculation of defendant's sentence is through a habeas petition in the district where he is incarcerated and because defendant has failed to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for clarification of his sentence (Doc. # 457) is denied.

**IT IS SO ORDERED** this 19th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
